I concur with the majority opinion that the advance notification provided by the board prior to the final termination in this case was neither inconsistent with the language of R.C. 3319.16 nor otherwise violative of appellee's due process rights. In fact, by notifying appellee of its intended action prior to the final expiration of her unpaid leave, I believe the board acted properly to protect whatever opportunity appellee may have had to preserve or defend her cause prior to the expiration of that leave.
However, in every other respect, I agree with the decision and opinion entered by the trial court in this case. Specifically, I share the trial court's concern that a teacher who has been assaulted and presents enough medical evidence to establish an initial 60 days of assault leave — and who is still receiving workers compensation benefits for her injuries some two years later — can be unilaterally taken off assault leave by the school board and ultimately terminated without any medical basis in the record to support either of those decisions.
Although not overtly mentioned, it seems apparent that the board was concerned about medical malingering in this case. It is also apparent that appellee could have done more to bring current medical evidence to the board's attention. However, if the board was concerned about medical malingering, I believe the board had an obligation to investigate and address that issue directly, especially in an assault case where ongoing workers compensation benefits are being paid. In this case, the appropriate time for such action would have been at the time of the request for a second assault leave extension. Instead, it does not appear that the board made any further examination of medical evidence after the first assault leave extension. As a result, the only grounds appearing in the record for the critical decisions to deny the second assault leave extension, transfer appellee to sick leave, exhaust the sick leave and to ultimately terminate the appellee are school board "precedent" and the mere expiration of time.
In my view, each of these board decisions was fundamentally a "medical" decision affecting the medical leave status of an assaulted teacher. Simply put, it seems to me that any such decision made by a school board should be driven by objective medical considerations, entered upon the public record. I agree with the trial court that the failure to do so resulted in a series of arbitrary decisions by the board in this case. Moreover, under these circumstances, I do not believe this court can establish that the trial court abused its discretion in evaluating the evidence or in reaching its decision. For these reasons, I respectfully dissent from the majority decision. I would affirm the decision of the trial court.